IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
(Northern Division)

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| | Case No. 3:22-cv-00686-HTW-LGI |
| v. | |
| | **ORDER FOR CONFIDENTIALITY** |
| | **OF SETTLEMENT DISCUSSIONS** |
| THE CITY OF JACKSON, MISSISSIPPI, | |
| Defendant. | |

Having considered the parties' Joint Motion for A Stipulated Order for Confidentiality of Settlement Discussions, and to protect the confidentiality of certain information and facilitate information and opinion exchanges and a negotiated, mutual resolution in this matter, for good cause appearing, and pursuant to its inherent authority, Fed. R. Civ 26(c), the parties' Joint Motion [Dkt. No. 19] is granted and the Court ORDERS as follows:

1. For purposes of this Order, "Parties" means the parties in this action, which are the United States and the City of Jackson, Mississippi ("City").

2. For purposes of this Order, "Participants" means non-Parties that are expected to participate in some or all of the Parties' settlement discussions. The Participants here are the Court-appointed Interim Third-Party Manager ("ITPM") in this action and the State of Mississippi, by and through the Mississippi State Department of Health ("MSDH") and by and through the Mississippi Commission of Environmental Quality, acting through the Mississippi Department of Environmental Quality ("MDEQ").

3. For purposes of this Order, "Subject Claims" collectively refers to the Federal Claims and State Interests:

    a. "Federal Claims" means the United States' Safe Drinking Water Act claims, Clean Water Act claims, and interests in enforcement of the consent decree in *United States of America and the State of Mississippi v. City of Jackson, Mississippi* (the "CWA case"), Case No. 3:12-cv-790-TSL-RPM (S.D. Miss.) [Dkt. No. 10]; and

    b. "State Interests" means the interests of Mississippi, by and through MSDH and MDEQ, in the settlement discussions, enforcement of the SDWA, and the CWA case.

4. For purposes of this Order, "Settlement Communications" means:

    a. oral settlement discussions among the Parties and Participants concerning the Subject Claims that take place after the Effective Date of this Order (as set forth in Paragraph 15) and

    b. materials in written or electronic form that are: (i) prepared for purposes of settlement negotiations with respect to the Subject Claims, (ii) exchanged by and among the Parties and the Participants in settlement negotiations with respect to the Subject Claims after the Effective Date of this Order (as set forth in Paragraph 15), and (iii) labeled in accordance with Paragraph 5.

5. All written or electronic materials that a Party or a Participant wishes to have treated as Settlement Communications under this Order shall be conspicuously labeled "Settlement Communication - Subject to Confidentiality Order" at the time of the exchange; provided however, that any Party or Participant may dispute, either at the time of designation or later, that the written or electronic material is a Settlement Communication within the meaning of this Order.

6. Any trade secrets or commercial or financial information provided to the United States by the City or the ITPM that it wishes to protect as confidential business information shall be provided and managed in accordance with 40 C.F.R. Part 2. Any trade secrets or other commercial or financial information provided to Mississippi by the City or the ITPM that the City or the ITPM wishes to protect as confidential shall be provided and managed in accordance with Miss. Code Ann. § 49-17-39. To the extent that such information is also claimed as a Settlement Communication pursuant to this Order, such information shall also be handled in accordance with this Order.

7. Except as otherwise provided in this Order, the Party or Participant receiving Settlement Communications under this Order shall keep them confidential and not disclose them to persons or entities that are not a Party or Participant. The Parties and Participants shall take all necessary and appropriate measures to maintain the confidentiality of Settlement Communications and to retain written or electronic material in a secure manner.

8. A representative of a Party or Participant who obtains Settlement Communications under this Order may share such information with those attorneys or employees of the receiving Party/Participant who in the opinion of such Party/Participant are responsible for these settlement negotiations or for whom such information relates to their official duties, provided that any person with whom such information is shared under this Paragraph shall be specifically made aware of this Order. A representative of a Party/Participant who obtains Settlement Communications under this Order also may share such information with those consultants and experts of the Party/Participant who are assisting in the negotiations and who, in the opinion of such Party/Participant, require access, provided that any person with whom such information is

shared is specifically made aware of, and, prior to receiving the information, agrees in writing to be bound by the provisions of this Order as if he/she were a Party or a Participant.

9. Nothing in this Order shall limit the authority of any Party or Participant to release information to any person or waive any claim of privilege with respect to any Settlement Communication which does not discuss, refer to, or reveal the substance of these negotiations and of which that Party/Participant is the sole originator. Any Settlement Communication subject to this Order may be disclosed to a third party when the provider of the Settlement Communication has given express written permission prior to such disclosure, subject to the notice requirements of Paragraph 11.

10. Information otherwise admissible or discoverable or subject to subpoena in any proceeding shall not be rendered inadmissible or non-discoverable or not subject to subpoena because of its use in settlement negotiations in this case. Further, this Order shall not prohibit the disclosure of oral communications or written or electronic material already lawfully in the public domain, or developed or existing independent of the Parties' and Participants' negotiations of the Subject Claims.

11. In the event a Party or Participant receives a subpoena, court order, or, in the case of the United States, a FOIA request for Settlement Communications or, in the case of Mississippi, a Public Records request for Settlement Communications, such Party or Participant shall notify the other Parties and Participants as soon as possible of the request and of that Party/Participant's proposed response.

12. Nothing in this Order limits the full application of Fed. R. Evid. 408 to Settlement Communications.

13. Nothing in this Order limits the right of the United States to take any action to enforce the laws of the United States or to protect public health, safety, welfare or the environment.  Further, nothing in this Order limits the United States and Mississippi from complying with the requirements or established government policies of public participation regarding settlement agreements.

14. A Party may terminate settlement negotiations at any time, and may apply to this Court to terminate this Order; provided, however, that a Party shall notify the other Parties and Participants in writing of its intention to make application to the court to terminate this Order at least 10 days in advance of making such application; and provided further, that the confidentiality and notice obligations imposed under this Order shall remain in full force and effect, without regard to whether this Order has been terminated, with respect to all Settlement Communications made or exchanged prior to the date of termination.

15. The Effective Date of this Order shall be November 29, 2022, the date the ITPM was appointed, and this Order shall be deemed effective as of that date.

    IT IS SO ORDERED.

Entered this 17th day of February, 2023.

    /s/HENRY T. WINGATE

    UNITED STATES DISTRICT JUDGE

**Signature Page for Stipulated Order for Confidentiality of Settlement Discussions in**
***United States v. City of Jackson*, Case No. 3:22-cv-00686-HTW-LGI**

FOR THE UNITED STATES OF AMERICA:

        TODD KIM
        Assistant Attorney General
        Environment and Natural Resources Division
        U.S. Department of Justice

Dated: 2/16/23
        /s/ Karl Fingerhood
        /s/ Angela Mo

        KARL FINGERHOOD (PA Bar No. 63260)
        ANGELA MO (CA Bar No. 262113)
        Attorneys
        Environmental Enforcement Section
        Environment and Natural Resources Division
        U.S. Department of Justice
        P.O. Box 7611
        Washington, D.C. 20044-7611
        Tel: (202) 514-7519
        Fax: (202) 616-2427
        Email: Karl.Fingerhood@usdoj.gov
              Angela.Mo@usdoj.gov

        DARREN J. LAMARCA
        United States Attorney for the
        Southern District of Mississippi

Dated: 2/16/23
        ANGELA GIVENS WILLIAMS (MS Bar No. 102469)
        Chief, Civil Division
        Assistant United States Attorney
        United States Attorney's Office
        501 East Court Street, Suite 4.430
        Jackson, Mississippi 39201
        Tel: (601) 965-4480

**Signature Page for Stipulated Order for Confidentiality of Settlement Discussions in** *United States v. City of Jackson*, **Case No. 3:22-cv-00686-HTW-LGI**

FOR THE CITY OF JACKSON, MISSISSIPPI:

Dated:

_____
CATORIA MARTIN (MS Bar No. 103938)
City Attorney
Email: cmartin@city.jackson.ms.us

TERRY WILLIAMSON (MS Bar No. 8639)
Legal Counsel
Email: twilliamson@city.jackson.ms.us

OF COUNSEL:
OFFICE OF THE CITY ATTORNEY
455 East Capitol Street
Post Office Box 2779
Jackson, Mississippi 39207-2779
Tel: (601) 960-1799
Fax: (601) 960-1756

**Signature Page for Stipulated Order for Confidentiality of Settlement Discussions in**
***United States v. City of Jackson*, Case No. 3:22-cv-00686-HTW-LGI**

FOR THE MISSISSIPPI STATE DEPARTMENT OF HEALTH:

Dated: 2/16/23    /s/ Cassandra Walter  (with permission by KF)
CASSANDRA WALTER (MS Bar No. 8441)
Attorney
Legal Counsel
Mississippi State Department of Health
P.O. Box 1700
Jackson, Mississippi 39215
Tel: (601) 576-7847
Fax: (601) 576-7805
Email: Cassandra.Walter@msdh.ms.gov

**Signature Page for Stipulated Order for Confidentiality of Settlement Discussions in *United States v. City of Jackson*, Case No. 3:22-cv-00686-HTW-LGI**

FOR THE MISSISSIPPI DEPARTMENT OF ENVIRONMENTAL QUALITY:

Dated:  2/16/23                    /s/ Gretchen Zmitrovich (with permission by KF)
GRETCHEN ZMITROVICH (MS Bar No. 101470)
Senior Attorney
Mississippi Department of Environmental Quality
Post Office Box 2261
Jackson, Mississippi 39225-2261
Tel: (601) 961-5050
Fax: (601) 961-5349
Email: gzmitrovich@mdeq.ms.gov

**Signature Page for Stipulated Order for Confidentiality of Settlement Discussions in**
***United States v. City of Jackson*, Case No. 3:22-cv-00686-HTW-LGI**

FOR THE INTERIM THIRD-PARTY MANAGER:


Dated: 2/16/23            \_\_/s/ Ted Henifin (with permission by KJF)\_\_
                          EDWARD "TED" HENIFIN
                          Interim Third-Party Manager – Operating as JXN Water
                          P.O. Box 4505
                          Jackson, Mississippi 39216
                          Tel: (757) 274-7904
                          Email: ted.henifin@gmail.com